## W. G. McCoy v. Mary McSweeney, Adm'r.

**Negligence in Anchoring Boat.**

The owners of a boat are liable for loss resulting from negligence in making the boat fast to the shore or in failing to provide lights to enable passengers to see their way off the boat.

**Duty of Master of Boat.**

It is not the duty of the pilot or engineer, but is the duty of the master of a boat to prepare lights at landings and to cause the vessel to be made fast to the shore, and to prevent it from swinging out after it has landed, and the owner of the boat is liable for damages sustained by the wilful negligence of the master.

APPEAL FROM KENTON CIRCUIT COURT.

October 24, 1876.

OPINION BY JUDGE COFER:

The petition was first taken for confessed against the appellant, and a verdict for $2,500 was found by a jury impaneled to assess the damages. That verdict was set aside and a new trial granted. Several mistrials were afterward had, and on the 2nd of April, 1873, the order taking the petition for confessed was set aside and the defendant filed an answer. The plaintiff demurred to the second paragraph of the defendant's answer, which was heard and sustained, to which defendant excepts.

The only answer copied into the record consists of a single paragraph, and does not purport to contain more than one defense to the action. The answer as copied begins, "and further answer in this behalf," etc., showing that a part has been omitted in making the transcript. We assume, however, that that part of the answer copied was designated as the second paragraph, and shall decide the case on that assumption.

The negligence charged was in failing to secure the boat to the float at the shore, in failing to put out lights to enable passengers to see their way off the boat, and in failing to provide skiffs or life boats for the rescue of persons who might fall overboard. That the intestate's life was lost after the boat landed and its bow had been made fast to the float is not denied in the second paragraph of the answer; and in passing upon its sufficiency we must assume that the allegations in the petition as to the position of the boat at the time the accident occurred are true.

Whatever may be the law with respect to the liability of the owners of steamboats for loss of life resulting from the negligence of licensed officers, while the boat is under way, we think there can be no doubt but such owners are liable for such loss when it results from negligence in making the boat fast to the shore, or in failing to provide lights to enable passengers to see their way off the boat. As, therefore, the second paragraph of the answer did not contain a denial of the allegation that the boat had reached and been made fast to the shore when the intestate fell overboard, we think the demurrer was properly sustained.

The averment that "at the time of the said accident, by which it is claimed said McSweeney lost his life, said boat was, so far as its navigation, management and control were concerned, out of the possession and control of the defendant and in the possession and exclusive control of the pilot and engineer," does not put in issue

those allegations of the petition already referred to as to the circumstances under which McSweeney lost his life.

This court knows judicially that to prepare lights at landings, and to cause the vessel to be made fast to the shore and to prevent it from swinging out after it has landed and the bow has been fastened to the shore, is no part of the duty of the pilot or engineer. These are duties devolving upon the master, and if the owner has charged the pilot or engineer with their performance they must be taken to have been acting in those respects as master, and not as pilot or engineer; and while they were so acting the owner was responsible for their wilful neglect in the same manner and to the same extent to which he would have been liable for the negligence of the master.

We cannot say that the verdict is not supported by the evidence. Indeed we cannot say in the absence of the omitted portion of the answer that any evidence whatever was necessary to entitle the plaintiff to a verdict.

Judgment *affirmed.*

*J. G. Carlisle, J. W. Stevenson, for appellant.*

*Fisk & Fisk, for appellee.*